FRANK L. PACKARD, Respondent, Appellant, *v.* FOX FILM CORPORA-
TION, Appellant, Respondent.

First Department, December 14, 1923.

Contracts — action to recover damages for violation of contract by which
defendant was given right to use story written by plaintiff in motion
pictures and to use plaintiff's name — plaintiff alleged that title to
story and his name were used in connection with film representing
another story — damages asked were separated into items based on use of
title to story and on use of plaintiff's name — one cause of action only
alleged — defendant's use of title and of name of plaintiff violation of
contract — use by defendant of plaintiff's story under another title was
violation of contract.

In an action to recover damages for the violation of a contract entered into by
the plaintiff and defendant, whereby the plaintiff, the author and owner of
a story, agreed that the defendant might use the story in motion pictures and
might also use the plaintiff's name in connection with the story, in which it is
alleged that the defendant used the title to the story and plaintiff's name on a
motion picture film in connection with an entirely different story, but one cause
of action is stated, though the plaintiff in demanding damages alleges that he is
entitled to a certain amount of damage as a reasonable value of the use of the
title to the story and also to a stated amount of damage for the reasonable value
of the unauthorized use of his name in connection therewith; the statement of
two separate items of damage does not amount to a statement of two causes
of action.

Whatever rights the defendant acquired to use said story and in connection there-
with were limited by the terms of the contract and when the defendant exceeded
the rights thus acquired and used plaintiff's name in connection with an entirely
different story, the defendant was appropriating something which it had not
purchased from the plaintiff and for which it had given the plaintiff no value
and is liable to the plaintiff for that act.

The defendant is liable, also, for using plaintiff's story under a title different
from that of the true title which had come to be identified with plaintiff's
story.

CROSS-APPEALS by the plaintiff, Frank L. Packard, and by the
defendant, Fox Film Corporation, from portions of an order of
the Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the 19th day
of January, 1923, denying the defendant's motion for judgment
dismissing the first cause of action stated in the complaint made
upon the ground that it does not state facts sufficient to consti-
tute a cause of action or, in the alternative, that the plaintiff
separately state and number any alleged causes of action set forth
in said first cause of action, but granting its motion for judgment
dismissing the second cause of action also made upon the ground
of insufficiency.

*O'Brien, Malevinsky & Driscoll [Arthur F. Driscoll* of counsel; *Dennis F. O'Brien* and *Joseph Walker Magrauth* with him on the brief], for the plaintiff.

*Saul E. Rogers [Percy Heiliger* with him on the brief], for the defendant.

MERRELL, J.:

The order appealed from denied defendant's motion as to the first cause of action, and granted said motion for judgment on the pleadings as to the second cause of action. The defendant appeals from so much of said order as denied its said motion, and the plaintiff has appealed from that part of said order which granted defendant's motion as to the second cause of action set forth in the complaint.

The complaint alleges that the plaintiff is a fiction writer and the author of a story known as " The Iron Rider " and was the sole owner of said story. The complaint further alleges as a first cause of action that the plaintiff entered into a contract with the defendant Fox Film Corporation, whereby the plaintiff sold and transferred to the defendant the sole and exclusive motion picture rights to the aforesaid story and authorized the defendant to make a motion picture version of said story and to use plaintiff's name in connection therewith for advertising purposes and upon the screen; that the defendant thereafter released a photoplay under the name of " The Iron Rider," and plaintiff was represented as the author of said story, but that the picture was in no way taken from plaintiff's story, but was based upon an entirely different story separate and distinct and in no way connected with plaintiff's literary production; that the use of plaintiff's name as the author of and in connection with the motion picture produced by the defendant and the using of plaintiff's name as the author of said production was false and misleading and an unjust and unlawful use of plaintiff's name, and that the use of the title, " The Iron Rider," in connection with said motion picture produced by the defendant was unauthorized and unlawful; that the reasonable value of the use of the aforesaid title, " The Iron Rider," in connection with the motion picture based on the story other than plaintiff's story was $25,000, and that the reasonable value of the unauthorized use of plaintiff's name in connection therewith was also worth $25,000. Plaintiff alleges thereupon that he has suffered damages in the sum of $50,000.

The court held, I think, properly, that there was but one cause of action alleged in the complaint made up of the two items of damage alleged, and that the facts were sufficiently stated and, therefore, properly denied the motion of the defendant for judgment on the pleadings under rule 106 of the Rules of Civil Practice, and

also properly denied defendant's motion in the alternative under rule 102 of the Rules of Civil Practice that the plaintiff separately state causes of action contained in the first cause of action alleged in the complaint. Clearly there was but one cause of action alleged, although the plaintiff set forth two separate items of damage. (*Chalmers* v. *Murphy*, 159 App. Div. 810.)

The law is well settled that the author of a literary work possesses a property right therein and that such property right is subject to purchase and sale the same as any other personal property and is subject to the same rules as govern the sale of any other form of personal property. Whatever rights the defendant acquired to use said story and in connection therewith were limited by the terms of the contract and when defendant exceeded the rights thus acquired and used plaintiff's name in connection with an entirely different story defendant was appropriating something which it had not purchased of the plaintiff and for which it had given the plaintiff no value. (*Maurel.* v. *Smith*, 271 Fed. Rep. 211; *Curwood* v. *Affiliated Distributors*, 283 id. 219.) As was said in the so-called " Mark Twain case " (*Clemens* v. *Belford, Clark & Co.*, 14 Fed. Rep. 728): " So, too, an author of acquired reputation, and, perhaps, a person who has not obtained any standing before the public as a writer, may restrain another from the publication of literary matter purporting to have been written by him, but which, in fact, was never so written. In other words, no person has the right to hold another out to the world as the author of literary matter which he never wrote; * * *."

In the second cause of action the plaintiff realleges and reaffirms the allegations contained in the first cause of action as to the incorporation of the defendant; that the plaintiff is an author and writer and that prior to November 26, 1919, the plaintiff had originated and written a story which plaintiff had entitled " The Iron Rider," and that the plaintiff was the sole owner thereof; that plaintiff had established proprietary right in the aforesaid title, " The Iron Rider," by the use of said title in connection with said story, and said title had come to be associated and connected with said story written by the plaintiff; and the further allegation of the first cause of action as to the contract entered into between the parties whereby the plaintiff sold, assigned and transferred to the defendant the sole and exclusive motion picture rights to said story and authorized the defendant to make a motion picture version thereof, and to use plaintiff's name in connection with said motion picture in all newspaper publicity and all advertising and also on the screen.

For said second cause of action the plaintiff further alleged that

First Department, December, 1923.                    [Vol. 207

the defendant manufactured, released and distributed a motion picture entitled " Smiles Are Trumps," which motion picture was founded upon plaintiff's story, " The Iron Rider," and that the defendant caused plaintiff's name to be used and advertised as the author and originator of said story of the said motion picture entitled " Smiles Are Trumps."

Plaintiff further alleged in his second cause of action that the use of the aforesaid story " The Iron Rider " under the name " Smiles Are Trumps " was a violation of said contract between the plaintiff and the defendant and that by such use of plaintiff's story under a title other than the true title of " The Iron Rider," which had come to be identified with said story and which had gained a tremendous reputation and prestige, caused injury to plaintiff's name, fame and reputation and caused plaintiff damage in the sum of $25,000.

As before stated, the learned court at Special Term, by the order appealed from, granted defendant's motion for judgment on the pleadings under rule 106 as to said second cause of action contained in said complaint.

We are of opinion that the court erred in such disposition of the motion. The court in a brief memorandum stated that defendant's motion was granted as to the second cause of action upon the ground that it was not alleged therein that under the agreement relied on by the plaintiff the defendant was obligated to give to the motion picture the same title as the plaintiff's story. We are unable to see the force of such reasoning. By its contract with the plaintiff the defendant acquired the right to make a motion picture based upon the plaintiff's story under the title of " The Iron Rider," and in connection therewith to advertise the same by the use of the plaintiff's name. The unauthorized use of plaintiff's name in connection with a story of a different title was a distinct damage to the plaintiff. (*De Bekker* v. *Stokes Co.,* 168 App. Div. 452.)

I am of the opinion that so much of the order appealed from as denied defendant's motion for judgment on the pleadings under rule 106 as to the first cause of action, or in the alternative under rule 102 that the plaintiff separately state any causes of action alleged therein, should be affirmed, with ten dollars costs and disbursements to the plaintiff; and that that part of the order appealed from which granted defendant's motion for judgment on the pleadings under rule 106 as to the second cause of action should be reversed, with ten dollars costs and disbursements to the plaintiff, appellant, and said motion denied, with ten dollars costs, with leave to the defendant to answer upon payment of said costs.

CLARKE, P. J., DOWLING, SMITH and MCAVOY, JJ., concur.

On defendant's appeal: Order, so far as appealed from, affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within twenty days from service of order, upon payment of said costs.

On plaintiff's appeal: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of order, upon payment of said costs.